**Lloyd Arnold DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47955.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Ralph Taite, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of unlawfully selling a narcotic drug, to-wit: heroin; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The indictment alleged that appellant sold heroin to Robert J. Harden on or about December 16, 1971. Harden, an undercover agent of the Department of Public Safety, testified that on the night of December 15, 1971, he went to the Hustler Lounge in Dallas where he sat in a booth with Gene Lee O'Conner, James Wright and the appellant. On that occasion O'Conner sold Harden some heroin for twenty-five dollars ($25) in the presence of Wright and the appellant. The next evening Harden went back to the Hustler Lounge where he met with appellant. On that occasion appellant stated to Harden that he had some good heroin and would make Harden a good deal on it. Harden agreed and appellant sold Harden a plastic bag containing a powdery substance for twenty-five dollars ($25). Chemical analysis later showed the powdery substance to contain heroin.

By his first ground of error appellant contends the trial court erred in allowing Harden to testify that the appellant was present when O'Conner sold heroin to Harden on December 15, 1971. We observe that no objection was made to such testimony [1] and nothing is presented for

---

[1] When Harden commenced his testimony about meeting O'Conner on December 15, the appellant objected:

"Your Honor, I am going to object to the narrative nature of the answer. I would ask that the Court instruct the witness to answer in question and answer form." The objection was sustained. Thereafter, the testimony as to appellant's presence at the Hustler Lounge on December 15 was elicited without objection.

review. Further, the appellant, testifying in his own behalf on direct examination, admitted he was present in the booth with Harden and O'Conner and James Wright, but denied he participated in the transaction.

Appellant's first ground of error is overruled.

By his second ground of error appellant contends that the trial court erred in permitting testimony of appellant's participation in other crimes. His argument under this ground of error complains of Harden's testimony that appellant was "a known heroin dealer," Harden's testimony that at the time appellant sold him the heroin appellant stated that "the pigs" were looking for him at the time, and Harden's testimony that appellant had been to the penitentiary two or three times.

This ground of error is multifarious and not in compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. However, we note that appellant made no objection to any of this testimony. Much of it was brought out by appellant's counsel on cross-examination. Further, appellant testified that he had been to the penitentiary on three separate occasions. No error has been shown. Ground of error No. 2 is overruled.

In his last ground of error appellant contends that the trial court erred in allowing photographs of appellant and Gene O'Conner into evidence. The record, however, reflects that the court only admitted appellant's photograph. Appellant contends, without citation of authority, that appellant's photograph, which shows him in a full beard, was introduced for the sole purpose of inflaming the minds of the jury. Harden testified that on the night in question appellant had a full beard and mustache. Appellant testified that his photograph portrayed generally the way he appeared in December of 1971.

In Denny v. State, 473 S.W.2d 503 (Tex.Cr.App.1971) (reversed on other grounds), we held that proof that two defendants had long hair and beards at the time of their arrest was admissible as part of the res gestae of the offense and the arrest even though it added nothing toward proving their guilt or innocence. In Martin v. State, 475 S.W.2d 265 (Tex.Cr.App. 1972), a murder case, we held that if a verbal description of the body and the scene would be admissible a photograph depicting the same would be admissible. See also Lanham v. State, 474 S.W.2d 197 (Tex.Cr.App.1971).

Under the circumstances presented by this record, we hold that it was not improper for the trial court to admit appellant's photograph into evidence.

There being no reversible error, the judgment is affirmed.