Carl Edwin WIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49647.

Court of Criminal Appeals of Texas.

March 26, 1975.

Rehearing Denied April 16, 1975.

Brock Huffman, San Antonio, (Court-appointed), for appellant.

. Ted Butler, Dist. Atty., Fred G. Rodriguez, C. Michael Schill and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. Punishment, enhanced under the provisions of Art. 62, Vernon's Ann.P.C., was assessed at life.

. At the outset, it is urged that appellant was denied the right to defend himself without the assistance of counsel. It is apparently appellant's position that there was incompatibility between appellant and his counsel which resulted in ineffective assistance of counsel and an inadequate defense.

The record reflects that the appellant requested that he be allowed to represent himself *pro se*. The court ruled that the appellant could conduct his own trial, but appointed attorneys Samples and Graham to be available to consult and confer with the appellant.

During the course of the trial, the appellant filed and argued several motions. He conducted voir dire examination of the jurors, direct and cross-examination of witnesses, and presented final argument to the jury. At several points during the proceeding, counsel sought to offer advice and assistance. The trial court was careful to insure that any action taken by counsel was in accordance with the wishes of the appellant. The trial judge took great efforts to make sure that the defense was conducted according to the requests of the appellant. The following excerpt from the record is an example of the many times that the trial judge heeded the appellant's wishes and required counsel to follow appellant's defensive theory.

"MR. GRAHAM: Your Honor, I have conferred with my co-counsel and we feel that this is a question that should be asked or required to be asked.

"THE COURT: Gentlemen, let me say this to all concerned. I can appreciate how counsel feels about this but this defendant has been granted by this Court the right to represent himself, which he has a right in law. I have even overridden his desire by reqiring that appointed counsel be available to assist. Now, I don't think that this Court can extend itself to supersede his judgment. If you have had an opportunity to make him acquainted with what you feel he should ask, if it is not his desire to have that question asked, then I don't think that under the circumstances and the ground rules under which we are operating, that it would be fair to this defendant to

**782**

have that question asked in spite of his objection."

 In summary, the trial court wisely refused to completely exclude counsel and required their presence for consultation and advice. These actions safeguarded the rights of the appellant at trial. A careful review of the record convinces us that appellant's complaint that he did not have a fair trial or adequate representation of counsel is totally without merit. See Woods v. State, Tex.Cr.App., 479 S.W.2d 952; Carr v. State, Tex.Cr.App., 475 S.W.2d 755; Harris v. State, Tex.Cr.App., 425 S.W.2d 642; Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).

Appellant contends that he was denied the right to compulsory process for obtaining witnesses. Appellant complains that four witnesses did not appear at trial. A defendant in a criminal case has a right to compulsory process for obtaining witnesses. This right guaranteed by the Sixth Amendment is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment and is applicable to state trials. Washington v. State, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Here, however, appellant made no showing whatever as to what the witnesses' testimony would be, or that it would be material and relevant. He did not request a hearing on the matter, presented no evidence, and offered no affidavits. Nothing is presented for review. Jones v. State, Tex.Cr.App., 501 S.W.2d 677; Hardin v. State, Tex.Cr.App., 471 S.W.2d 60; Spencer v. State, Tex.Cr.App., 503 S.W.2d 557.

Appellant's next contention recites that "this cause as well as the related proceeding reveal an abundance of clerical errors, irregular proceedings, faulty indictments, unwarranted penal confinement prior to a conviction, glaring procedural mistakes, significant violation of constitutional rights and a lack of diligence which

borders on gross negligence." The ground of error as stated is not in compliance with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Thompson v. State, Tex.Cr.App., 510 S.W.2d 949; Elizalde v. State, Tex.Cr.App., 507 S.W.2d 749; Houston v. State, Tex.Cr.App., 506 S.W.2d 907; Davis v. State, Tex.Cr.App., 504 S.W.2d 908; Weir v. State, Tex.Cr.App., 503 S.W.2d 571; Fuller v. State, Tex.Cr.App., 501 S.W.2d 112.

We have reviewed appellant's pro se brief and find that contentions urged therein are totally without merit or have been asserted in the brief filed by his court-appointed counsel on appeal.

The judgment is affirmed.

Opinion approved by the Court.