**Carl Edwin WIGGINS,**
**Petitioner-Appellant,**

v.

**Raymond K. PROCUNIER, Director,**
**Texas Department of Corrections,**
**Respondent-Appellee.**

No. 80-2278.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1985.

Craig Smyser, Houston, Tex., (Court appointed), for petitioner-appellant.

Mark White, Atty. Gen., Charles A. Palmer, F. Scott McCown, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GARZA, POLITZ and WILLIAMS, Circuit Judges.

GARZA, Circuit Judge:

The first time this case was before us, we reversed the United States District Court for the Western District of Texas and found that Carl Edwin Wiggins had been impermissibly denied his Sixth Amendment right to represent himself in a Texas robbery trial and ordered that a writ of habeas corpus issue pursuant to 28 U.S.C. Section 2254. *See Wiggins v. Estelle*, 681 F.2d 266 (5th Cir.1982).[1] After having been reversed on this point by the

1. The factual background of this case is explained fully in that first opinion and will not be repeated here.

United States Supreme Court in *McKaskle v. Wiggins,* —— U.S. ——, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), we initially affirmed the decision of the district court without a further hearing. 729 F.2d 1026. On Wiggins's motion, we have reconsidered that decision and held a hearing on the remaining issues in Wiggins's petition. For the reasons stated below, we again affirm.

## I.

■ Having unsuccessfully litigated all the way to the United States Supreme Court his claim that he was denied his right to represent himself, Wiggins now maintains that he has been impermissibly denied his right to counsel. As a preliminary matter, the State urges that this point was not raised in Wiggins's petition in the district court and is therefore not before us. However, it is clear that Wiggins did raise below the issue of his right to represent himself in the State proceeding. A necessary prerequisite to his assertion of that right is the effective waiver of his right to counsel. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Due to the close interrelation between the two rights, and consideration being given to the fact that Wiggins's petition was filed *pro se* and should therefore be liberally read, we believe that Wiggins's petition fairly raised the issue of his right to counsel. Accordingly, we shall consider the right to counsel issue on the merits.

Wiggins's argument is founded on the well-established principle that in order to effectively waive the right to counsel, a defendant must do so voluntarily, knowingly, and intelligently. *Richardson v. Lucas,* 741 F.2d 753, 756 (5th Cir.1984). Wiggins concedes, as he must, that his assertion of his right to self-representation was unequivocal in the state court; therefore, his attempt to waive his right to counsel was clearly voluntary. Nonetheless, Wiggins urges that we cannot be certain that the waiver was knowingly and intelligently made, as the record from the state court contains no colloquy between Wiggins and the court with respect to this issue.

■ We are convinced that a colloquy between a defendant and a trial judge is the preferred method of ascertaining that a waiver is voluntary, knowing, and intelligent. However, we have never required such a colloquy as a "bright-line" test in cases of this type, and we decline to do so now. In order to determine whether the right to counsel has been effectively waived, the proper inquiry is to evaluate the circumstances of each case as well as the background of the defendant. *Ford v. Wainwright,* 526 F.2d 919, 922 (5th Cir. 1976).

■ The circumstances of this case tend to show a voluntary, knowing, and intelligent waiver, as that phrase has been construed in this circuit. For example, a panel of this Court has held that the functional equivalent of an effective waiver will be inferred from a defendant's persistent, unreasonable demand for dismissal of his appointed counsel and appointment of new counsel. *United States v. Moore,* 706 F.2d 538, 540 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983). Likewise, an effective waiver of the right to counsel has been found from a defendant's repeated refusal to accept appointed counsel while demanding representation by a particular lay person. *United States v. Brown,* 591 F.2d 307 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Similarly, Wiggins clearly knew that his insistence on his right to represent himself would, perforce, necessitate his giving up his right to counsel.

Moreover, Wiggins's background clearly enabled him to make an intelligent waiver. First, Wiggins's filing of briefs and other documents in this case demonstrate that he is literate and has considerable understanding of the legal system. Second, prior to the state trial that gives rise to the habeas corpus proceeding, Wiggins had previously been tried and convicted for the same offense while representing himself. From that first trial, Wiggins obtained the most dramatic education possible as to the disadvantages of self-representation and its possible unpleasant result. Nonetheless,

he persisted in representing himself in the second trial. These circumstances compel the conclusion that Wiggins's waiver of his right to counsel was made knowingly and intelligently.

## II.

Wiggins next contends that he was denied his Sixth Amendment right to compulsory process of witnesses.[2] Wiggins made the identical claim in his direct appeal to the Texas Court of Criminal Appeals. 520 S.W.2d 780, 782 (1975). That court did not reach Wiggins's claim on the merits, because it found that Wiggins had not taken the necessary steps to preserve the point for appeal. *Id.*

Our review of the record in this case leads us to conclude that Wiggins, in fact, did not preserve this point. The applicable procedure is outlined in *Willis v. State,* 626 S.W.2d 500, 503 (Tex.Crim.App. 1979). Under that procedure, if a subpoenaed witness does not appear, a party should seek an attachment for that witness. If that is unsuccessful, the party should make a motion for a continuance supported by an affidavit, either from the absent witness or from the party, showing the witness's expected testimony. If that motion is overruled, a motion for a new trial, accompanied by a similar affidavit, is required. It is clear that Wiggins took none of the steps required by *Willis,* and he therefore has not preserved this point for review in accordance with Texas procedure. *See also Brito v. State,* 459 S.W.2d 834, 837 (Tex.Crim.App.1970).

Under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a habeas corpus petitioner normally can obtain review of a constitutional claim not preserved for review only on a showing of cause and prejudice for the procedural default. A narrow exception to the rule of *Wainwright v. Sykes* has been created in the situation where the issue of the peti-

tioner's procedural default is never raised in the district court. *See, e.g., Washington v. Watkins,* 655 F.2d 1346, 1368 (5th Cir. 1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). Wiggins argues that the *Washington* exception to the rule of *Wainwright v. Sykes* applies in this case, because the State's answer was ordered stricken for untimeliness. Accordingly, Wiggins maintains that the State was powerless to raise the issue of procedural default; no showing of cause and prejudice should therefore have been required of Wiggins.

This argument misreads *Washington v. Watkins,* which merely holds that a state will waive its claim of procedural default and *Sykes* waiver if that issue is not raised at some point in the district court proceedings. *Washington* does not require that *Sykes* waiver be either pled or lost, as is the case with the true affirmative defenses under Federal Rule of Civil Procedure 8(c). In view of the serious policy involved, that is, the protection of the public at large, a *Washington* waiver should not be inferred from so technical a breach by the State. *Cf. United States ex rel. Mattox v. Scott,* 507 F.2d 919, 924 (7th Cir.1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition). A *Washington* waiver can be averted by the State if the issue of a *Sykes* procedural default is raised at any point in the district court proceedings. Here, the district court addressed the issue of procedural default; we may therefore do so.

It is apparent that Wiggins has shown no cause for his procedural default and can therefore not meet the requirements of *Sykes.* Wiggins urges cause in that he received ineffective assistance of counsel. Without reaching the difficult issue as to the possibility of an ineffective assistance of counsel claim vis-a-vis standby counsel, appointed to assist an individu-

---

2. Wiggins bases this assertion on the failure of four witnesses to appear at his trial: Doug Simmons, a possible eye witness; Truman Beasley, Wiggins's friend with possible alibi testimony;

Ray Marshall, Wiggins's parole officer, with character evidence; and the Court Reporter from Wiggins's first trial for the robbery.

al in conducting his own defense, we need only say that ineffective assistance of counsel does not constitute cause under *Sykes*. *See, e.g., Weaver v. McKaskle*, 733 F.2d 1103, 1106 (5th Cir.1984). Accordingly, Wiggins's Sixth Amendment claim for denial of compulsory process cannot be addressed on its merits in a habeas corpus proceeding.

### III.

Finally, Wiggins contends that he was denied due process and equal protection of the laws in that he was retried for the robbery in violation of Texas law. This contention is based on the fact that Wiggins was initially convicted for the robbery on the basis of a fatally defective indictment. That conviction was set aside by the court, and Wiggins was subsequently retried for the robbery. In the first appeal, we construed this argument as a double jeopardy claim, as the district court had, and found it without merit. 681 F.2d at 268 n. 1. We reach the same result now. Texas procedure clearly allows for retrial after a conviction based on a faulty indictment. *See Ward v. State*, 520 S.W.2d 395, 397 (Tex.Crim.App.1975). Wiggins's final contention is wholly without merit.

### IV.

In view of the above discussion, a hearing would serve no useful purpose. For the above reasons the opinion of the district court is

AFFIRMED.