IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30180
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

Cross-Appellant,

v.

PHILLIP CARMOUCHE,

Defendant-Appellant
Cross-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94 CA 2972)
_____

(October 20, 1995)

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Phillip Carmouche pled guilty to a one-count indictment charging him with possession of cocaine with the intent to distribute. The district court ultimately sentenced Carmouche to a 174-month term of incarceration. Carmouche sought collateral review of his sentence by filing a § 2255 motion, alleging numerous grounds for relief. The district court granted

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Carmouche's motion on the ground that he was improperly sentenced as a career offender and reduced his sentence accordingly, but denied relief on all other grounds. Carmouche then filed what was in substance a Rule 59(e) motion to amend or alter the judgment, requesting reconsideration of some of the other grounds of relief asserted in his § 2255 motion and a further reduction of his sentence. The district court denied the Rule 59(e) motion and Carmouche appeals the denial of that motion. Also, the United States cross-appeals the district court's order granting Carmouche § 2255 relief. We affirm in part and vacate in part the district court's order denying Carmouche's Rule 59(e) motion and remand for further findings; we reverse the district court's order granting Carmouche § 2255 relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 1992, Phillip Carmouche ("Carmouche") was charged in a one-count indictment with possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Carmouche pled guilty and the district court accepted this plea. The court initially sentenced Carmouche to a 210-month term of incarceration, a five-year term of supervised release, and a $50 special assessment. The guideline range for this sentence was based on a total offense level of 30 and a criminal history category of VI. From this range, the court selected the particular sentence imposed because it found that Carmouche was a career offender, pursuant to USSG § 4B1.1. The court

2

subsequently reduced Carmouche's sentence to a 174-month term of incarceration because it had granted the Government's motion for a reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure.

Carmouche did not file a notice of appeal from this sentence; however, proceeding pro se and in forma pauperis, he did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Specifically, Carmouche alleged that: 1) he was improperly sentenced as a career offender in light of new case law; 2) the district court violated Rule 32(c)(3)(D) of the Federal Rules of Civil Procedure because it did not submit written findings of fact regarding sentencing; 3) he could not have conspired with Government informants; 4) the amount of drugs used for sentencing purposes was inappropriate because he did not intend to purchase that amount, he was not capable of purchasing that amount, and he could not have reasonably foreseen the amount of drugs involved in the transaction; and 5) he should have received a three-level reduction to his base offense level for acceptance of responsibility instead of the two-level reduction he actually received. Carmouche also alleged that, because of ineffective assistance of counsel, he should not be procedurally barred from bringing these claims in a § 2255 motion; however, Carmouche did not set forth specific allegations of ineffectiveness.

Pursuant to a court order, the Government filed an answer to Carmouche's § 2255 motion on October 14, 1994. In its answer,

3

the Government asserted that Carmouche's substantive claims were procedurally barred. The Government also contended that the court should not consider Carmouche's ineffective assistance of counsel claim because he had not alleged specific deficiencies in his counsel's performance. Apparently as an alternative argument on this issue, the Government also pointed out that the failure of Carmouche's counsel to anticipate the change in the law on the career offender issue could not support an ineffective assistance claim, although Carmouche had not made this specific argument in his motion.

Carmouche filed a response to the Government's answer on October 31, 1994. The record does not indicate whether the district court had ordered or made allowance for such a response, but the clerk recorded the filing on the docket and included the response in the record on appeal. In this response, Carmouche recast the substantive arguments he had made in his original § 2255 motion as facts in support of an ineffective assistance of counsel claim; specifically, Carmouche alleged that his counsel was ineffective for not making these substantive arguments to the court at his sentencing. Carmouche further argued, for the first time, that his guilty plea was invalid based on counsel's ineffectiveness in providing him with erroneous information regarding the probable length of the sentence that he would receive. Finally, Carmouche argued that counsel was ineffective for failing to file a notice of appeal or otherwise pursue a direct appeal.

4

The district court held that Carmouche was improperly categorized as a career offender pursuant to § 4B1.1 and granted his § 2255 motion in that regard. The court also stated in a footnote that, because "the change in the law [regarding the application of the career offender provisions of the sentencing guidelines was] so novel as to constitute cause for failure to raise on direct appeal, the court also finds that it does not constitute grounds for ineffective assistance of counsel." The court further held that Carmouche's substantive arguments regarding Rule 32, the quantity of drugs used for sentencing purposes, his alleged inability to conspire with Government informants, and acceptance of responsibility were "either frivolous or should have been raised on direct appeal, and that no cause exist[ed] to allow a collateral attack" regarding those issues. The court did not address these other substantive claims as facts in support of an ineffective assistance of counsel claim, as Carmouche had alleged in his response. On January 18, 1995, the court entered judgment, reducing Carmouche's term of imprisonment to 114 months, but leaving his sentence intact in all other respects.

Seven days after the entry of judgment, Carmouche filed a pleading styled "Motion for Defendant Misunderstanding and Claerification [sic] also. 28 U.S.C. 2255 Rule 8(b)(3) Reconsideration." The crux of this motion was to point out to the court that Carmouche had also asserted the substantive issues raised in his initial § 2255 motion as facts in support of an

ineffective assistance of counsel claim.  Apparently, Carmouche was alluding to his response to the Government's answer and the fact that the court had not addressed any of these substantive issues in an ineffective assistance context except for its statement that the change in law on the career offender issue could not support an ineffective assistance claim.  Carmouche also argued that the previous reduction of his initial sentence pursuant to the Government's Rule 35(b) motion should have been reapplied to reduce the 114-month term of incarceration.

The district court denied the motion, finding that a 114-month term of incarceration was proper and that Carmouche was not entitled to any further relief.  Carmouche appeals the denial of this motion.  The Government cross-appeals the court's order reducing Carmouche's sentence.  We address separately each of these appeals.

## II.  DISCUSSION

### A.  The Government's Appeal

The United States cross-appeals the district court's order reducing Carmouche's term of incarceration to 114 months.  In § 2255 proceedings, we review findings of fact under the clearly erroneous standard and conclusions of law de novo.  United States v. Woods, 870 F.2d 285, 287 (5th Cir. 1989).

The district court granted Carmouche's § 2255 motion in this regard because it found that Carmouche had been improperly sentenced as a career offender pursuant to USSG § 4B1.1 in light

6

of our subsequent decision in United States v. Bellazerius, 24 F.3d 698 (5th Cir.), cert. denied, 115 S. Ct. 375 (1994). In Bellazerius, we held that the Sentencing Commission had exceeded its authority by including conspiracy offenses within the ambit of § 4B1.1, and consequently, that section did not allow career offender enhancements for defendants convicted only of conspiracy offenses. Id. at 702. Applying this holding to Carmouche, the district court concluded that he should not have been categorized as a career offender for sentencing purposes and reduced his term of incarceration to 114 months.

Since the district court's judgment, however, we have held that individuals sentenced for conspiracy convictions before Bellazerius was decided may not later use this holding to vacate their sentences in a § 2255 motion. United States v. Bogdon, No. 95-50073, slip op. at 3-4 (5th Cir. July 31, 1995) (unpublished); United States v. Hixon, No. 95-50003, slip op. at 2-3 (5th Cir. June 29, 1995) (unpublished); United States v. Williams, No. 94-50329, slip op. at 9-10 (5th Cir. March 27, 1995) (unpublished). The rationale of these holdings is that misapplications of the Sentencing Guidelines are not cognizable in § 2255 motions. United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994); United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Accordingly, we hold that Carmouche is not entitled to § 2255 relief based on our holding in Bellazerius. Unless the district court grants further relief pursuant to Part II.B of this

opinion, Carmouche's original sentence, including his 174-month term of incarceration, should be reinstated.

## B.  Carmouche's Appeal

Carmouche appeals the district court's denial of his "Motion for Defendant Misunderstanding and Claerification [sic] also.  28 U.S.C. 2255 Rule 8(b)(3) Reconsideration."  In order to determine the standard under which we review this denial, we must first decide how to characterize the motion.  Although styled a motion made pursuant to Rule 8(b)(3) of the Rules Governing Section 2255 Proceedings, this designation is incorrect.  Rule 8(b)(3) provides that, when a magistrate judge assists the district court in disposing of a § 2255 motion by making proposed findings and recommendations, the § 2255 movant may file written objections to such findings and recommendations.  Sec. 2255 R. 8(b)(3).  In Carmouche's case, the district court did not enlist the assistance of a magistrate judge in disposing of the motion, and furthermore, Carmouche is contesting a final order of the district court.  Therefore, we must characterize the motion as being made under another procedural rule.

We have held that "[a] motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e)" of the Federal Rules of Civil Procedure.  Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993).  The court entered judgment on Carmouche's § 2255 motion on January 18, 1995.  Carmouche filed his motion for

8

reconsideration on January 25, 1995.  Accordingly, we will treat Carmouche's motion as a Rule 59(e) motion.

We review the denial of a Rule 59(e) motion under an abuse of discretion standard.  Id.  While recognizing that the district court's discretion in this regard is "considerable," we have held that the court must nevertheless "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  Id. at 355.

First, we consider the events which gave rise to Carmouche's Rule 59(e) motion.  In his original § 2255 motion, Carmouche had alleged ineffective assistance of counsel in very general terms, and then only as an excuse for procedural default rather than as a separate constitutional claim.  Perhaps prompted by the Government's answer, which noted that Carmouche had not supported his ineffective assistance argument with allegations of specific deficiencies in performance, Carmouche filed a response in which he alleged that he also had a Sixth Amendment claim because his counsel was ineffective for failing to offer at sentencing the same substantive arguments he had made in his original § 2255 motion.

Of the issues presented in Carmouche's response, the only one explicitly addressed in the court's order on the § 2255 motion was whether the change in the law regarding career offender status supported an ineffective assistance of counsel claim; however, the government had also addressed this issue in

9

its answer, and therefore the issue was before the court independent of Carmouche's response.  The court apparently did not address any other argument that Carmouche had made in his response, including his other substantive arguments in the ineffective assistance context, the validity of his guilty plea, and his ineffective assistance argument based on his counsel's failure to file a direct appeal.  In contrast, the court addressed every argument that Carmouche had properly presented in his original § 2255 motion.

The apparent purpose of the first part of Carmouche's Rule 59(e) motion was to point out that, although the district court had addressed his substantive arguments regarding Rule 32, the quantity of drugs used for sentencing purposes, his alleged inability to conspire with Government informants, and acceptance of responsibility, the court had not considered Carmouche's position that each of these substantive arguments also supported a Sixth Amendment ineffective assistance of counsel claim because his counsel had failed to make these same substantive arguments at his sentencing.  It is unclear from the district court's Order and Reasons denying Carmouche's motion whether the court simply declined to address the merits of Carmouche's ineffective assistance claim as set forth in his response to the Government's answer, or addressed the merits and summarily refused relief.

For instance, the district court may have declined to address the issues raised in Carmouche's response because it did not consider the response as properly before it.  The advisory

10

committee note to Rule 5 of the Rules Governing Section 2255

Proceedings states:

> There is nothing in § 2255 which corresponds
> to the § 2248 requirement of a traverse to
> the answer. . . . As under Rule 5 of the
> § 2254 rules, there is no intention here that
> such a traverse be required, except under
> special circumstances.

Sec. 2255 R. 5 advisory committee's note. This note also cross

references the advisory committee note to rule 5 of the analogous

§ 2254 rules governing habeas corpus proceedings. This note also

states that the rules do not provide for a traverse to the answer

and adds:

> In the interests of a more streamlined and
> manageable habeas corpus procedure, [a
> traverse] is not required except in those
> instances where it will serve a truly useful
> purpose. Also, under rule 11 [of the § 2254
> rules] the court is given the discretion to
> incorporate Federal Rules of Civil Procedure
> when appropriate, so civil rule 15(a) may be
> used to allow the petitioner to amend his
> petition when the court feels this is called
> for by the contents of the answer.

Sec. 2254 R. 5 advisory committee's note. The principles

enunciated in this note apply with as much force to the § 2255

rules, which also contain a provision for the discretionary

incorporation of the Federal Rules of Civil Procedure. See Sec.

2255 R. 12. In this regard, Rule 15(a) of the Federal Rules of

Civil Procedure allows a party to amend his initial pleading

after an answer only with the permission of the court or his

adversary. Fed. R. Civ. P. 15(a). Finally, a local rule of the

Eastern District of Louisiana states that motions shall be

accompanied by memoranda, but that "[m]emoranda may not be

11

supplemented except with leave of court first obtained." ULLR 2.05.

The cumulative import of these rules and notes is that a § 2255 movant does not ordinarily have the opportunity to supplement his original motion with an amendment or a response to the Government's answer, and even then, the movant may do so only with leave of court. Therefore, it is possible that the district court declined to address the merits of the issues raised in Carmouche's response because the response was not properly before the court as a traverse or an amendment of his original motion.

On the other hand, it is equally possible that the district court did consider the response as properly before it and, in ruling on Carmouche's Rule 59(e) motion, summarily refused relief on the claims presented therein. In this regard, we note that a § 2255 movant proceeding pro se is not an ordinary litigant. It is a well-established rule that the briefs and papers of pro se litigants are to be construed more permissively than those filed by counsel. Securities and Exch. Comm'n v. AMX, Int'l, Inc., 7 F.3d 71, 75 (5th Cir. 1993); Wiggins v. Procunier, 753 F.2d 1318, 1320 (5th Cir. 1985). This rule takes on added significance in the context of a § 2255 motion, in which the doctrine that successive motions are disfavored "make[s] it especially important that the first petition adequately set forth all of a . . . prisoner's colorable grounds for relief." McFarland v. Scott, 114 S. Ct. 2568, 2574 (1994) (O'Connor, J., concurring in the judgment in part) (discussing the need for a comprehensive

12

initial petition in the analogous habeas corpus context). Finally, the response was filed over two months before the court ruled on the original motion, giving the court sufficient time to consider the issues raised in that document. Therefore, upon reconsideration of its original order, the district court may have liberally construed Carmouche's response as an amendment of his original § 2255 motion and concluded that he was not entitled to relief on the merits of those additional claims.

Because it is unclear from the district court's Order and Reasons denying the Rule 59(e) motion which course of action the court pursued, we do not feel that review of the court's order in this regard is appropriate, even under the narrow abuse of discretion standard. Rather, we believe that our task would be better served by vacating that part of the district court's order denying relief on the issues raised in Carmouche's response and remanding so that the court can make specific findings of fact and conclusions of law with respect to whether those issues were properly before the court and, if so, whether they had merit.

The second part of Carmouche's Rule 59(e) motion alleged that the district court should have reapplied the previous reduction of his initial sentence pursuant to the Government's Rule 35(b) motion to reduce his 114-month term of incarceration.[1]

---

[1]In his brief, Carmouche also contends that a failure to reapply the previous Rule 35(b) reduction violates the Double Jeopardy Clause of the Fifth Amendment. Because Carmouche did not raise this argument in the district court, he has not preserved it for appeal. Quenzer v. United States (In re Quenzer), 19 F.3d 163, 165 (5th Cir. 1993).

13

In fact, the court stated in a footnote in its order that it <u>did</u> consider the previous reduction when rendering Carmouche's sentence and that it credited the facts set forth in the Rule 35(b) motion in arriving at the 114-month term. Therefore, we hold that the district court did not abuse its discretion in denying Carmouche's Rule 59(e) motion for a further reduction of his sentence.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM in part and VACATE in part the district court's order denying Carmouche's "Motion for Defendant Misunderstanding and Claerification also 28 U.S.C. 2255 Rule 8(b)(3) Reconsideration" and REMAND for further findings with respect to the issues raised in Carmouche's response; we also REVERSE the district court's order granting Carmouche's motion to vacate his sentence.