IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21080
Consolidated with
No. 00-21021
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATHERINE MINEYARD MILLIKEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-445-ALL
--------------------
October 24, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Katherine Mineyard Milliken was convicted on her guilty plea on one count of fraudulent use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B), and she appeals. We AFFIRM the conviction, VACATE the sentence, and REMAND the cause for resentencing.

Milliken contends that she is entitled to reversal of her conviction because the district court did not advise her of the dangers and disadvantages of representing herself, as required by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Faretta v. California, 422 U.S. 806 (1975).  Because there was no defense objection to the procedure followed by the district court, this court reviews Milliken's claim for plain error.  See Burton v. United States, 237 F.3d 490, 501 (5th Cir. 2000).

Milliken's pro se motion for self-representation, her statements at the motion hearing, and the fact that she had been represented by several experienced attorneys who had withdrawn with her acquiescence support a determination that her waiver of counsel was knowing, voluntary, and intelligent.  See Wiggins v. Procunier, 753 F.2d 1318, 1320 (5th Cir. 1985).  Accordingly, the district court's failure to explicitly advise Milliken of the dangers and disadvantages of proceeding pro se did not constitute plain error.

Milliken contends that the district court reversibly erred by denying her motion for leave to withdraw her guilty plea.  Her principal contentions are that her plea was coerced by her counsel, with whom she had a conflict of interest, and that she had mistakenly believed that she was guilty.  These contentions are refuted by the record of Milliken's rearraignment and by the detailed plea agreement.  Accordingly, the district court did not abuse its discretion by denying leave to withdraw the plea.  See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).

Milliken contends that her sentence must be vacated because the district court erroneously determined the amount of loss attributable to her pursuant to U.S.S.G. § 2F1.1.  Milliken's "challenge to the method of calculation used by the district court implicates an application of the Guidelines and therefore

is reviewed de novo." United States v. Randall, 157 F.3d 328, 330 (5th Cir. 1998).

Under § 2F1.1(a) and (b)(1), a defendant who has been convicted of a fraud offense has a base offense level of 6, with up to 18 additional levels, depending on the amount of loss. The presentence report (PSR) states that as a result of the defendant applying for four separate home mortgages, a loan to refinance a BMW automobile, and a bank line of credit, the intended loss in this case is $2,578,500. This is the total of $592,500 + $532,000 + $650,000 + $740,000 + $51,000 + $13,000, respectively. (The total for the home-loan applications, none of which was approved, was $2,514,500.) The probation officer increased Milliken's offense level by 13 levels pursuant to § 2F1.1(b)(1)(N), on grounds that the intended loss was more than $2,500,000 but less than $5,000.000. This resulted in a total offense level of 21. With a criminal history category of I, Milliken's guideline imprisonment range was 37 to 46 months. She received a prison sentence of 41 months.

If the requested home-mortgage loans had not been included, Milliken's total offense level would have been 13. This would consist of the base level of 6, plus 5 levels for loss of more than $40,000 but less than $70,000 (§ 2F1.1(b)(1)(F)), plus 2 levels for more-than-minimal planning. Without counting the $51,000 BMW loan, which Milliken paid off, the total offense level would be 11. This would result in a guideline imprisonment range of 8 to 14 months.

In her objections to the PSR, Milliken disputed its factual allegations concerning the six loans.  She asserted that the $13,000 line-of-credit loan had been paid in full, and she objected to the calculations based on "intended loss."  The probation officer responded that the $2,578,500 total was proper because that was the intended loss.

Commentary (n.8(b)) to § 2F1.1 explains how loss is to be calculated in fraudulent-loss cases, as follows:

> In fraudulent loan application cases[,] . . .  the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss).  For example, if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan.  However, where the intended loss is greater than the actual loss, the intended loss is to be used.

"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S. 36, 38 (1993).

The district court's calculation of the loss intended by Milliken relative to the requested home loans failed to take into account the value of the assets which would have been pledged to secure the loans, i.e., the residential property.  Accordingly, Milliken's sentence must be vacated and the cause remanded for resentencing.  See United States v. Deavours, 219 F.3d 400, 403 (5th Cir. 2000) ("[a] fraudulent borrower who has pledged collateral to secure a loan has never deprived the lender of more

than the total of the amount of the loan less the value of the pledge").

Milliken contends that her sentence must be vacated because the district court violated Fed. R. Crim. P. 32(c)(1) at sentencing. Specifically, she asserts that she was denied an opportunity to comment on matters having to do with the appropriate sentence and that the district court failed to make findings on controverted matters. This court does not need to rule on the merits of these claims, because Milliken's sentence must be vacated as a result of errors in determining the loss attributable to her pursuant to guideline § 2F 1.1.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.