608,488-06

October 22, 22015

Ronald Wayne Schofield, #1434055
A.M. "Mac" Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

This document contains some pages that are of poor quality at the time of imaging.

RE: PetitionforWrit of Mandamus, and Motion for Permission for Leave to File.

Dear Abel Acosta:

Enclosed please find above mentioned. Please file and bring to the attention of the Honorable Court. Thank you sir. Please notify me of receipt.

Sincerely,

Ronald Wayne Schofield, Relator, Pro se

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 05 2015
Abel Acosta, Clerk

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

---

| | | |
|---|---|---|
| IN RE | § | IN THE DISTRICT COURT |
| RONALD WAYNE SCHOFIELD, | § | BRAZORIA COUNTY, TEXAS |
| RELATOR. | § | 23RD JUDICIAL DISTRICT |

TRIAL CAUSE NO. 34,910

---

## MOTION FOR PERMISSION FOR LEAVE TO FILE

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, Ronald Wayne Schofield, Relator, Pro se, and respectfully gives notice and asks respectfully for permission to file his Petition for Writ of Mandamus pursuant to the Texas Rules of Appellate Procedure, Rule 72.1.

Respectfully submitted,

Ronald Schofield

Ronald Wayne Schofield, Relator
TDCJ-CID #1434055
A.M. "Mac" Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

WRIT NO. ______________________________

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

---

TRIAL CAUSE NO. 34,910

| | | |
|---|---|---|
| RONALD WAYNE SCHOFIELD, RELATOR, | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| THE STATE OF TEXAS, RESPONDENT. | § | 23RD JUDICIAL DISTRICT |

---

**PETITION FOR WRIT OF MANDAMUS**

RONALD WAYNE SCHOFIELD
TDCJ-CID #1434055
A.M. "MAC" STRINGFELLOW UNIT
1200 FM 655
ROSHARON, TEXAS 77583

## IDENTITY OF PARTIES

Pursuant to Texas Rules of Appellate Procedure, Rule 38, the following is a complete list of the names of all parties in reference to this cause of action so that the members of the Court may determine whether they are disqualified to serve or should recuse themselves from participation in the decision of this cause.

**RELATOR**

Ronald Wayne Schofield
TDCJ-CID #1434055
A.M. "Mac" Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

**RESPONDENT**

Brazoria County District Attorney
Jerilynn K. Yenne
408A Courthouse, 111 E. Locust Street
Angleton, Texas 77515

**PRESIDING JUDGE, 23RD DISTRICT COURT**

The Honorable Ben Hardin
Courthouse, 111 E. Locust Street, Rm. 404
Angleton, Texas 77515-4678

<u>**TABLE OF CONTENTS**</u>

| | Page # |
|---|---|
| IDENTITY OF PARTIES | i |
| TABLE OF CONTENTS | ii |
| INDEX OF AUTHORITIES | iii |
| STATEMENT OF THE CASE | 1 |
| SOLE ISSUE PRESENTED | 2 |

The Trial Court erred in using one cause number in judging two criminal counts, as it did not require finding of guilt on both counts to convict. Texas Sex Offender Registration Statutes require verification of registration every 90 days to those with 2 or more convictions. Relator suffers serious collateral consequences due to the 2nd count that was never judged. This is a denial of due process. The Relator filed a Motion for Nunc Pro Tunc Order, the Trial Court will not respond to their error pursuant to State law.

| | |
|---|---|
| STATEMENT OF FACTS | 2 |
| SUMMARY OF ARGUMENT | 3 |
| ARGUMENTS AND AUTHORITIES | 3-6 |
| PRAYER | 6 |
| VERIFICATION | 6 |
| CERTIFICATE OF SERVICE | 7 |
| CERTIFICATE OF COMPLIANCE | 7 |

INDEX OF AUTHORITIES

| References | Page # |
|---|---|
| **FEDERAL** | |
| STATUTES | |
| 28 U.S.C. §1746 | 6 |
| SUPREME COURT REPORTER | |
| Hughes v. rowe, 101 S.Ct. 173 (1988) | 3 |
| FEDERAL REPORTER | |
| Wiggin v. Procunier, 753 F.2d 1318 (5th Cir. 1985) | 3 |
| **STATE** | |
| STATUTES | |
| Texas Constitution, Article 5, §8 | 1 |
| Code of Criminal Procedure, Article 11.07 | 4 |
| Rules of Appellate Procedure, Rule 9.4(e) | 7 |
| Rules of Appellate Procedure, Rule 9.4(i) | 7 |
| Rules of Appellate Procedure, Rule 23.1 | 5 |
| Rules of Appellate Procedure, Rule 36 | 5 |
| Rules of Appellate Procedure, Rule 38 | i |
| Rules of Appellate Procedure, Rule 52.8 | 1 |
| Rules of Appellate Procedure, Rule 72 | 1 |
| Rules of Appellate procedure, Rule 78.1 | 1 |
| **SOUTHWESTERN REPORTER** | |
| Ex Rel Holmes v. Salinas, 784 SW2d 421 (Tex.Cr.App.1990) | 4 |
| Ex Rel Robinson, 116 SW3d 115 (Tex.App.-[14Dist.]2002) | 4 |
| Ex Rel Rosenthal v. Poe, 98 SW3d 194 (Tex.Cr.App.2003) | 4 |
| Ex Rel Sistrunk, 142 SW3d 497 (Tex.App.[14Dist.2004) | 4 |
| In Re Team Transport, Inc., 996 SW2d 256 (Tex.App.[14Dist.]1999) | 5 |
| Moon v. State, 572 SW2d 681 (Tex.Cr.App.1978) | 4 |
| Murray v. State, 392 SW3d 702 (Tex.App.-Dall2010) | 4 |
| Parks v. State, 553 SW2d 114 (Tex.Cr.App.1977) | 4 |
| Smith v. Rankin, 661 SW2d 152 (Tex.App.-[1stDist.]1983) | 5 |
| Thompson v. State, 108 SW3d 287 (Tex.Cr.App.2003) | 4 |
| Vance v. Davidson, 903 SW2d 863 (Tex.App.-[1stDist.]1995) | 5 |
| Villareal v. State, 418 SW3d 920, 927 (Tex.App.-Austin2013) | 5 |
| West v. Solito, 563 SW2d 240 (Tex.Cr.App.1978) | 4 |

WRIT NO. _______________

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN

---

TRIAL COURT NO. 34,910

| IN RE | § | IN THE DISTRICT COURT OF |
|---|---|---|
| RONALD WAYNE SCHOFIELD, | § | BRAZORIA COUNTY, TEXAS |
| RELATOR. | § | 23RD JUDICIAL DISTRICT |

---

**PETITION FOR WRIT OF MANDAMUS**

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, Ronald Wayne Schofield, Relator, Pro se, in the above styled and numbered cause, and respectfully presents this Petition for Writ of Mandamus pursuant to T.R.A.P. Rule 52.8 , Rule 72, and Texas Constitution, Article 5, §8. The Relator would show this Honorable Court the following:

## I. JURISDICTION

This Honorable Court does have jurisdiction over all matters and parties involved in this petition pursuant to Article 5, §8 of the Texas Constitution, and Rule 78.1, T.R.A.P.

## II. STATEMENT OF THE CASE

On January 4, 1999, the Relator was charged with two (2) counts of sexual assault of a child under 17 years of age. Relator appeared before the 23rd District Court Judge of Brazoria County, Texas. The Relator pled guilty and punishment was assessed at two (2) years confinement in TDCJ-CID.

On September 11, 2003, the Relator was charged, and pled guilty to failure to comply with registration requirement, in the 23rd District Court of Brazoria County, Texas, in Cause No. 44,919. Punishment was assessed at 159 days, misdemeanor punishment, and confinement in the Brazoria County Jail.

On September 17, 2006, Relator was extradited from Henderson, Nevada, after completing any and all punishments from any convictions. He was charged with failure to register as a sex offender in the 10th District Court of Galveston County, Texas. The Relator was charged as guilty on April 10, 2007, punishment assessed at 11 years confinement in TDCJ, for a 1st degree felony.

On March 2, 2015, the Relator filed a Motion for Nunc Pro Tunc Order (See Exhibit "A") in the 23rd District Court of Brazoria County, Texas. As of the filing of this petition, no response has been received.

## III. SOLE ISSUE PRESENTED

The Trial Court erred in using one Cause Number in its hearing, judgment and sentencing, as it did not require a separate finding of guilt on both counts to convict. The actions by the Trial Judge causes the Relator to suffer collateral consequences under the Texas Sex Offender Registration Statutes. Under the statute a person with 2 or more convictions must verify registration every 90 days or face criminal prosecution. As seen in paragraph II, infra, the Relator has sufferd twice due to the illegal second conviction. The failure of the Trial Court to file both cases separately, and hear them separately, was a denial of due process, as it only required a finding of guilt on one of the counts to convict the Relator on both counts.

When the Relator filed his Motion for Nunc Pro Tunc Order, the Trial Court was under a ministerial duty to correct the error by deletion of Count Two from the Judgment and Immediate Sentence Order. The Trial Court has violated the Relator's Fourteenth Amendment right to due process and equal protection under Texas law.

## IV. STATEMENT OF FACTS

On January 4, 1999, the Relator was charged with two (2) counts of sexual assault of a child under 17 years of age, in the 23rd District Court of Brazoria County, Texas. The Relator pled guilty, and punishment was assessed at two (2) years confinement in the Texas Department of Criminal Justice -Correctional Institutional Division, "TDCJ-CID."

This guilty plea did not require the Trial Judge to find the Relator guilty of both counts, since a court may find the Relator guilty of only one count for the indictment to be true. This case should have been presented with two cause numbers, not one.

Because Texas Sex Offender Registration Statutes require a person with two convictions to verify registration every 90 days, the illegal conviction of two counts under one cause number has resulted in collateral consequences.

Relator has attempted to obtain relief by filing a Motion for Nunc Pro Tunc Order in the 23rd District Court of Brazoria County, Texas on March 2, 2015. But the 23rd District Court will not respond to the Motion, denying the Relator due process, as Texas caselaw precedence requires deletion of the second count.

On the Relator's current incarceration, the Relator was extradited from Henderson, Nevada, after having completed any and all punishments from any convictions, for fail to register as a sex offender. Note: The fact that punishment assessed was two years, gives credence that the Trial Judge found the Relator guilty of only one count - not two.

## VI. SUMMARY OF ARGUMENT

By Texas caselaw precedence, the Trial Court erred in its failure to use two cause numbers when hearing the two counts of sexual assault of a child under 17 years of age. The fact only two years was assessed as punishment gives credence that the Relator was found guilty of only one count, not of two. The failure to delete the second charge has caused serious collateral consequences to the Relator.

Because Texas caselaw precedence shows the second conviction is illegal, the Relator filed a Motion for Nunc Pro Tunc Order in the 23rd District Court requesting correction/deletion of the second count. But the 23rd District Court has failed to respond to the Motion. This Petition follows, as, when the District Court failed to comply with State and Federal law, this denied the Relator due process. Because there is no other legal remedy available to the Relator, he has the right to file this Petition for Writ of Mandamus in this Honorable Court, and have this Court address his issues.

## VII. ARGUMENTS AND AUTHORITIES

NOTICE: The Relator is not skilled nor trained in the science of law, and prays this Honorable Court not hold him to the same stringent standards as a licensed attorney pursuant to Wiggin v. Procunier, 753 F.2d 1318(5th Cir. 1985); Hughes v. Rowe, 101 S.Ct. 173 (1988).

"A writ of mandamus may issue in a particular case to correct a clear abuse of discretion, particularly where remedy by way of appeal is inadequate." West v. Solito, 563 SW2d 240 (Tex,Cr.App.1978).

The State presented a two count indictment against the Relator. When filed by the Court Clerk, the Clerk failed to give both counts separate cause numbers, had this been the case.

The Relator pled guilty to the two-count indictment charging him with sexual assault of a child. This plea did not require the Trial Judge to find him guilty of both counts, since the Court could have found the Relator not guilty of one count, despite the guilty plea. See Moon v. State, 572 SW2d 681,682 (Tex.Cr.App.1978).

"If a single sentence is imposed for more than one count, it is presumed that sentence is for the first count and the second count lacks a valid sentence." Murray v. State, 392 SW3d 702,707(Tex.App.Dall.2010,ref'd); Parks v. State, 553, SW2d 114,116(Tex.Cr.App.1977).

"Because no sentence was pronounced on the second count, the judgment on count two amounts to a legal nullity." Thompson v. State, 108 SW3d 287,290 (Tex.Cr.App.2003).

No notation in the judgment on count two is permissible. The notation that the judgment applies to count two was either an error by the Trial Judge, or a Clerical Error. In either case, it is a severable portion from the rest of the judgment pursuant to Thompson, supra. And because it is a void order, it should be set aside. See Ex Rel Holmes v. Salinas, 784 SW2d 421,423 (Tex. Cr.App.1980)(trial court has ministerial duty to set aside void order); See also Ex Rel Rosenthal v. Poe, 98 SW3d 194,198-199(Tex.Cr.App.2003); Ex Rel Robinson, 116 SW3d 115,116 (Tex.App.[14thDist.]2002); Ex Rel Sistrunk, 142 SW3d 497,500 (Tex.App.[14thDist]2004).

Though count two is clearly void and illegal, Relator lacks any adequate remedy, other than Motion for Nunc Pro Tunc Order, to having count two set aside. The error is not subject to appeal. (See Thompson, supra, at 290). It is also not subject to review by habeas corpus, because under Article 11.07, V.A.C.C.P. such review only applies to a final conviction, and that portion of the judgment does not involve a judgment that is final. Id.

The Relator has set forth quite clearly the collateral consequences he has suffered, and continues to suffer because of his invalid judgment. The Relator has attempted various times through nunc pro tunc and mandamus writs to have this remedied without success.

Pursuant to Texas Rules of Appellate Procedure, Rule 23.1, "a failure to render judgment...may be corrected at any time by the Court doing so." Deletion of count two would be a viable remedy for count two on the judgment for which no conviction was entered, because no sentence was imposed, due to the plea bargain agreement for a single two year sentence with no notation of the two years concurrent or consecutive on count two. See Villareal v. State, 418 SW3d 920,927(Tex.App.-Austin2013)(trial court ordered to set aside order that was inconsistent with plea bargain).

Pursuant to Rules of Appellate Procedure, Rule 36, the Trial Court Judge has no discretion in deleting the second count because he did not impose sentence on the second count, nor can he now sentence the Relator on the second count, because the Relator, "Prosecutor, and Trial Attorney signed a Plea Agreement of which the sentence has been served."

Because the 23rd district Court Judge has failed to do a ministerial non-discretional duty, the Relator has no other legal avenue available other than this Petition for Writ of Mandamus requesting this Honorable Court to Order the Trial Judge to abide by the law and delete count two from the Relator's Judgment and Sentencing.

"Mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal issues, when there is no adequate remedy at law." In Re Team Transport, Inc., 996 SW2d 256 (Tex.App.[14thDist.]1999).

"Court of Appeals is empowered to grant writ of mandamus against public official to compel performance of the act clearly required by law, and which is ministerial in its nature, and involves no exercise of discretion." Smith v. Rankin, 661 SW2d 152 (Tex.App.-[1stDist.]1983).

Pursuant to Rules of Appellate Procedure, Rule 78.1, "The Court of Appeals may: (e) vacate the judgment of the lower court and dismiss the case."

"The Court of Appeals may make any other appropriate order required by 'the law, and the nature of the case.'"

"Fact that remedy at law technically exist will not default entitlement to Writ of Mandamus when the remedy is so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective, as to be deemed inadequate." Vance v. Davidson, 903 SW2d 863 (Tex.App.-[1stDist.]1995).

The Trial Court erred in failing to: 1) delete count two from the judgment and sentence order, or, 2) order two cause numbers to be used to show proper hearing, judgment and sentencing of each count charged in the indictment.

Such error has resulted in serious collateral consequences to the Relator. The Trial Court abused its discretion in failing to perform a ministerial duty by failing to hear and address the Relator's Motion for Nunc Pro Tunc Order filed **March 2nd, 2015**.

**Thus,** the sole remedy available to the Relator is this Petition for Writ of Mandamus.

PRAYER

WHEREFORE, ALL PREMISES CONSIDERED, the Relator prays this Honorable Court GRANT this Petition for Writ of Mandamus and Order the 23rd Judicial District Court of Brazoria County, Texas, to delete the second count of sexual assault of a child under 17 years of age from the Judgment and Sentencing Order in Cause No. 34,910, and, send a Certified Copy of the Amended Judgment and Immediate Sentence Order to the Relator. Furthermore, send a Certified Copy of the Amended Judgment and Immediate Sentence Order to the Texas Department of Criminal Justice - Classification and Records Department to be made a part of the Commitment now in its hands.

Respectfully,

[signature]

Ronald Wayne Schofield, Relator, Pro se
A.M. "Mac" Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

VERIFICATION

I, Ronald Wayne Schofield, Relator, Pro se, in the above Petition for Writ of Mandamus, being presently incarcerated in the Stringfellow Unit of the TDCJ-CID, in Brazoria County, Texas do hereby verify and declare under penalty of perjury that the statements contained within this Petition for Writ of Mandamus are true and correct. Affirmation made pursuant to 28 U.S.C. §1746.

Executed on this the 2nd day of October, 2015.

[signature]

Ronald Wayne Schofield, Pro se

## CERTIFICATE OF SERVICE

I, Ronald Wayne Schofield, Petitioner, Pro se, hereby certify that a true and correct copy of this Petition for Writ of Mandamus has been served on the Respondent by placing a true and correct copy of the same in the U.S. Mail, postage prepaid, first clas mail, addressed to:

Brazoria County District Attorney
Jerilynn K. Yenne
408A, Courthouse, 111 E. Locust Street
Angleton, Texas 77515

Executed on this 2nd day of October, 2015.

Ronald Schofield
Ronald Wayne Schofield, TDCJ-CID #1434055
Petitioner, Pro se

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R.App. Procedure, Rule 9.4(e) because it has been prepared in conventional typeface no smaller than 14-point for text.

This document also complies with the word-count limitations of Tex.R.App. Procedure, Rule 9.4(i) because it contains 3,094 words.

Ronald Schofield
Ronald Wayne Schofield, #1434055
A.M. "Mac" Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

EXHIBIT "A"

IN THE

23RD JUDICIAL DISTRICT COURT

BRAZORIA COUNTY, TEXAS

THE STATE OF TEXAS

VS.

RONALD WAYNE SCHOFIELD

MOTION FOR NUNC PRO TUNC ORDER

CAUSE NO. 34,910

RONALD WAYNE SCHOFIELD

STRINGFELLOW UNIT - #1434055

1200 FM 655

ROSHARON, TEXAS 77583

CAUSE NO. 34,910

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | BRAZORIA COUNTY, TEXAS |
| RONALD WAYNE SCHOFIELD. | § | 23RD JUDICIAL DISTRICT |

## MOTION FOR NUNC PRO TUNC ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RONALD WAYNE SCHOFIELD, the Defendant in the above styled and numbered cause, and moves this Honorable Court for a nunc pro tunc order, pursuant to Tex. R. App. Proc. 23.1. In support of this motion, Defendant will show the following:

I.

A party is entitled to seek correction of a clerical error by motion for nunc pro tunc order. State v. Ross, 953 SW2d 748, 751-752 (Tex.Cr.App. 1997). A clerical error exists if the judgment erroneously fails to include something the law requires. Id.

II.

Article 42.01, Section 1 (13), Code of Criminal Procedure, requires the judgment to include the offense or offenses for which the defendant was convicted. The judgment in the present case fails to include the offenses for which the Defendant was convicted because Defendant was never convicted of counts 1 & 2. See Thompson v. State, 108 SW3d 287,290 (Tex.Cr.App.2003), finding of guilt on two counts resulting in only one sentence does not produce final "conviction" for unsentenced count which may be appealed.

III.

Defendant pled guilty to a two count indictment charging him with sexual assault in return for a two year sentence. A copy of the indictment-plea agreement-judgment are attached. This guilty plea did not require a finding of guilt on both counts since a court may find the defendant not guilty, despite a guilty plea. See Moon v. State, 572 SW29 681,682 (Tex.Cr.App.1978).

IV.

On January 4, 1999, the Trial Court entered a judgment stating "Offense: Cts. 1 & 2 Sexual Assault of a Child; Criminal Episode," and sentenced the Defendant to two years TDCJ. A copy of the judgment is appended.

V.

The judgment notation "Cts. 1 & 2" is a clerical error which the Court should correct by striking the words "Cts. 1&2" from the judgment with a nunc pro tunc order. Even if the error is due to an error of judicial reasoning, the notation is nonethe less void and a legal nullity and should be corrected by a nunc pro tunc order, for the following reasons:

VI.

If a single sentence is imposed for more than one count, it is presumed that sentence is for the first count and the second count lacks a valid sentence. Murray v. State, 392 SW3d702,707 (Tex.App.Dallas2010,ref'd); Parks v. State, 553 SW2d 114, 116 (Tex.Cr.App.1977).

VII.

Because no sentence was pronounced on the second count, the judgment on count two amounts to a legal nullity. Thompson, supra, 108 SW3d at 292.

No notation in the judgment on count two is permissible. The notation that the judgment applies to count two was either made in error or amounts to clerical error. In either case, it is a severable portion from the rest of the judgment, according to Thompson. And because it is a void order, it should be set aside. See Ex Rel Holmes v. Salinas, 784 SW2d 421, 423 (Tex.Cr.App. 1990)(trial court has ministerial duty to set aside void order); State Ex Rel Rosenthal v. Poe, 98 SW3d 195, 198-99 (Tex.Cr.App.2003)(same); In Re State Ex Rel Robinson, 116 SW3d 115, 117 (Tex.App.[14th Dist.] Houston 2002); In Re State Ex Rel Sistrunk, 142 SW3d 497, 500 (Tex.App.]14th Dist.] 2004).

VIII.

Though the count two notation is clearly void and illegal, Defendant lacks an adequate remedy at law for having it set aside. The error is not subject to appeal. Thompson, 108 SW3d @ 290. It also is not subject to review by habeas corpus, because such review under 11.07 only applies to final convictions and that portion of the judgment does not involve a judgment that is final. Id. Over the years Defendant has attempted numerous nunc pro tunc and mandamus writs to have it remedied without success.

IX.

Defendant suffers serious collateral consequences because of the void notation. Artcle 62.058(a) Code of Criminal Procedure requires verification of sex offender registration every 90 days, instead of annually, if two or more convictions exist. If the person with multiple convictions fails to comply, he is subject to a much harsher range of punishment than a person with only one conviction. Article 62.102(b)(3), Code of Criminal Procedure.

On September 11, 2003, Defendant was convicted in this 23rd Judicial District Court in Cause No. 44,919 for the offense of Failure To Comply With Registration, the Honorable Pat Sabesta presiding, for a first offense of

failure to comply with the requirement for a state jail felony and he was punished as a misdemeanor under §12.44 C.C.P. (a), and received 159 days in the county jail. See Tex. Code Crim. Proc. Ann. art. 62.102(b)(1). See Plea Agreement and Judgment attached.

When Defendant was released under the judgment, he was warned that he would be required to verify registration every 90 days because he had two convictions. See "Pre-Release Notification Form, Texas Sex Offender Registration Program" signed on 7/26/2000 attached hereto. A more recent Texas Department of Criminal Justice "Commitment Inquiry" dated December 30, 2010, also attached, shows that TDCJ Records has calculated two separate convictions from the same judgment. Finally, the attached letter of Tammy Luna, Sex Offender Risk Assessment Specialist dated August 12, 2011, confirms that the Defendant's risk rating was assessed at moderate, rather than low, because the offense he was convicted of involved two counts.

XI.

Because TDCJ Records treats this case as equivalent to two convictions, Defendant is further potentially subjected to the serious collateral consequence of civil commitment also. See Texas Health and Safety Code, Section 841.003(b) defining repeat offender as person convicted of more than one sexually violent offense, even if only one sentence results. Therefore, the void notation in the judgment must be set aside by a nunc pro tunc order.

XII.

Under Tex. R. App. Proc. 23.1, "a failure to render judgment...may be corrected at any time by the court doing so." This would be a viable remedy for count two on the judgment for which no conviction was entered because no sentence was imposed, since no sentence can be imposed because of the plea bargain for a single two year sentence. cf. State v. Villarreal, 418

SW3d 920,927 (Tex.App.Austin2013)(trial court ordered to set aside order that was inconsistent with plea bargain).

WHEREFORE, PREMISES CONSIDERED, Defendant prays relief will be granted and the phrase "Cts. 1&2" will be deleted from the face of the judgment.

Respectfully submitted,

[signature]

Ronald Wayne Schofield
Stringfellow Unit - #1434055
1200 FM 655
Rosharon, Texas 77583

Unsworn Declaration

I, Ronald Wayne Schofield, TDCJ #1434055, being currently confined at the Stringfellow Unit in Brazoria County, Texas, declare under penalty of perjury that the foregoing is true and correct and that copies of documents attached are true and correct copies of what they purport to be.

Executed on this the_____day of _____________________, 2015.

[signature]
Ronald Wayne Schofield

Certificate of Service

A true and correct copy of the foregoing with all attachments was forwarded to Jeri Yenne, Criminal District Attorney, through Rhonda Barchak, District Clerk of Brazoria County on this same day.

[signature]
Ronald Wayne Schofield

CAUSE NO. 34,910

| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | BRAZORIA COUNTY, TEXAS |
| RONALD WAYNE SCHOFIELD. | § | 23RD JUDICIAL DISTRICT |

ORDER

On this the ________ day of ________________________, 2015, came on to be considered the motion of Ronald Wayne Schofield for a Nunc Pro Tunc Order. It is the opinion of the Court that such motion should be and hereby is granted.

It is therefore ORDERED that the Clerk of Brazoria County delete the phrase "Cts. 1&2" from the face of the original judgment in the above styled and numbered cause, and for the Clerk to send a certified copy of the Order and the Judgment to the authorities at the Texas Department of Criminal Justice-Institutional Division, and to be made part of the commitment now in its hands.

______________________________
PRESIDING JUDGE

Sx1

NO. 34,910 BOND $ 25,000.

FILED FOR RECORD
98 JUN 11 PM 8:41
DISTRICT CLERK
BRAZORIA COUNTY, TEXAS

THE STATE OF TEXAS V. **RONALD WAYNE SCHOFIELD**

CHARGE: **COUNT 1 & 2 - SEXUAL ASSAULT OF A CHILD; CRIMINAL EPISODE**

**(Direct File) (11990002)**

**WITNESS:**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

THE GRAND JURY, for the County of Brazoria, State of Texas, duly selected, empaneled, sworn, charged, and organized as such for the District Court of said County, upon their oaths present in and to said court that **RONALD WAYNE SCHOFIELD** hereinafter styled Defendant, on or about the **17TH** day of **OCTOBER, 1996**, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly cause the sexual organ of RHONDA MAGNUSON, a child younger than seventeen (17) years of age and not the defendant's spouse, to contact the sexual organ of the defendant;

**COUNT TWO**

And the Grand Jurors aforesaid, upon their oaths aforesaid, in said County and State, do further present in and to said Court that **RONALD WAYNE SCHOFIELD** hereinafter styled Defendant, on or about the **18TH** day of **OCTOBER, 1996**, and before the presentment of this indictment, in said County and State, did then and there intentionally and knowingly cause the sexual organ of RHONDA MAGNUSON, a child younger than seventeen (17) years of age and not the defendant's spouse, to contact the sexual organ of the defendant;

And the Grand Jurors aforesaid, upon their oaths aforesaid, in said County and State, do further present in and to said Court that the offenses set out in Counts ONE and TWO above constitute a "criminal episode" as that term is defined in Section 3.01 of the Texas Penal Code;

against the peace and dignity of the State.

**FOREPERSON OF THE GRAND JURY**

## PLEA AGREEMENT

CAUSE NUMBER 34910 G    DATE: 1-4-99

DEFENDANT: Ronald Wayne Schofield

ATTORNEY: H. Holiman    (APPOINTED)/RETAINED

OFFENSE: Sexual Assault - Counts 1+2

REDUCED TO: ______ ☐Felony ☐Misdemeanor

NEW OFFENSE CODE: ______

DEGREE: 1ST (2ND) 3RD STATE JAIL FELONY OTHER

RANGE OF PUNISHMENT 2-20 years TDC and/or $10,000 fine

FELONY CONVICTION PUNISHED AS MISD. PURSUANT TO §12.44 C.C.P.:

PUNISHMENT: ____ SEE: FORM "1"; FORM "2"; or FORM "3"; (Circle the appropriate one)

ENHANCEMENT WAIVED: ______    PROCEED ON CT.: ______

DEFERRED PROBATION: ______    RESTITUTION/REPARATION: NAME, ADDRESS AND AMOUNT:

REGULAR PROBATION: ______

SHOCK PROBATION: ______

TDCJ-ID: 2 years

BOOT CAMP: ______

COUNTY JAIL: ______

JAIL TIME CREDIT: 157 132 Days

DRIVER'S LICENSE SUSPENSION TIME: ______

PSI ORDERED ______ SET ______

SPECIAL TERMS OF PROB: ______

DUPLICATE

OTHER COMMENTS:

State to dismiss cause # 35,499 G ~~and cause #~~

I UNDERSTAND THE TERMS OF THE PLEA AGREEMENT STATED ABOVE. I ACCEPT THE PLEA AGREEMENT AND REQUEST THE COURT TO ACCEPT IT.

______
DEFENDANT

I BELIEVE MY CLIENT, Ronald Schofield, UNDERSTANDS THE PLEA AGREEMENT STATED ABOVE AND I JOIN IN HIS / HER REQUEST FOR THE COURT TO ACCEPT IT.

[signature]
ATTORNEY FOR DEFENDANT
BAR ID 09837800

THE PLEA AGREEMENT STATED ABOVE ACCURATELY REFLECTS THE STATE'S OFFER.

[signature]
ASSISTANT CRIMINAL DISTRICT ATTY.
BRAZORIA COUNTY, TEXAS

CAUSE NO. 34,910

FILED AT ____ O'CLOCK ____ M. 1-4-99 JERRY DEERE Clerk of District Court Brazoria Co., Texas DEPUTY

THE STATE OF TEXAS
VS.
RONALD WAYNE SCHOFIELD

IN THE 23RD JUDICIAL
DISTRICT COURT OF
BRAZORIA COUNTY, TEXAS

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

Judge Presiding: J. RAY GAYLE, III

Date of Judgment: JANUARY 4, 1999

Attorney for State: KEITH ALLEN

Attorney for Defendant: HARVEY HOLIMAN

Offense: Convicted of: CTS. 1 & 2 SEXUAL ASSAULT OF A CHILD; CRIMINAL EPISODE

Degree: 2ND

Date Offense Committed: OCTOBER 16, 1996

Charging Instrument: INDICTMENT

Plea: GUILTY

Terms of Plea Bargain (In Detail): 2 YEARS TDCJ

Plea to Enhancement Paragraph(s): N.A

Findings on Enhancement: N.A

Findings on Use Deadly Weapon (in detail) N.A

Date Sentence Imposed: JANUARY 4, 1999

Costs: $ 126.50

Punishment and Place of Confinement: TWO (2) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE-ID

Date to Commence: JANUARY 4, 1999

Time Credited: 132 DAYS FROM DATE OF SENTENCE

Total Amount of Restitution/Reparation: $ -0-

Concurrent Unless Otherwise Specified

Restitution to Be Paid To:
Name:
Address:

The Defendant having been INDICTED in the above entitled and numbered cause for the felony offense shown above and this cause being this day called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person and by Counsel as named above and both parties announced ready for trial. The Defendant, in person, in writing, and in open court, waived his right of trial by jury, (such waiver being with the

EXH. 2A

consent and approval of the Court and the District Attorney in writing and filed in the papers of this cause) pleaded as indicated above to the charge contained in the **INDICTMENT.**

Thereupon the Defendant was admonished by the Court of the consequences of the said plea; and the Defendant persisted in entering said plea; and it plainly appearing to the Court that the Defendant was mentally competent and that the plea is free and voluntary. The Defendant, having in open court, in writing, waived the appearance, confrontation, and cross-examination of witnesses and consented to the oral stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence. Such waiver and consent having been approved by the Court in writing and filed in the papers of the cause, the said plea of the Defendant was received and entered of record upon the minutes. The Court, having heard the evidence submitted, and the argument of Counsel thereon, found the Defendant guilty of the offense indicated above, a felony.

On the **4TH** day of **JANUARY** A.D., 1999, the Court assessed the punishment at confinement in the Institutional Division of Texas Department of Criminal Justice for the period indicated above.

It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, a felony, and that the said Defendant committed the said offense on the date indicated above, and that he be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, be delivered by the Sheriff of Brazoria County, Texas, immediately to the Director of Institutional Division of the Department of Criminal Justice of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division of the Texas Department of Criminal Justice for the period indicated above, in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice.

The sex offender registration requirement of Article 6252-13c.1, Revised Statutes, applies to the defendant herein, and the age of the victim of said offense 16 years at the time of said offense.

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed this the **4TH** day of **JANUARY**, A.D. **1999**.

Notice of Appeal: **NO**

J. Ray Gayle
JUDGE PRESIDING J. RAY GAYLE, III

1-4-99
DATE SIGNED

CR 128 PAGE 1897

FILED
AT ______ O'CLOCK ______ M.
1-4-99
JERRY DEERE
Clerk of District Court Brazoria Co., Texas
BY ______ DEPUTY

NO. 34,910

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| RONALD WAYNE SCHOFIELD | § | 23RD JUDICIAL DISTRICT |

COURT'S NOTIFICATION TO SEXUAL OFFENDER

The Court having pronounced sentence on the above defendant for the offense of CTS. 1 & 2 SEXUAL ASSAULT OF A CHILD; CRIMINAL EPISODE now informs the defendant of his/her duty to register as a sexual offender pursuant to Article 6252-13c.1 of the Texas Civil Statutes.

The defendant shall register or if registration has been previously completed, shall verify registration with the local law enforcement authority in any municipality where the defendant resides or intends to reside for more than seven (7) days.

If the defendant does not intend to reside in a municipality, the defendant shall register or verify registration in any county where the defendant resides or intends to reside for more than seven days.

The defendant shall register not later than the seventh day after the defendant's arrival in the municipality or county.

The defendant for whom registration has been completed shall report to the applicable law enforcement authority to verify information in the registration form not later than the seventh day after the defendant's arrival in the municipality or county where the defendant intends to reside.

If the defendant does not move to an intended residence provided to the authority or does not move by the anticipated move date then the defendant shall:

1. Report to the local law enforcement authority with whom the defendant last registered not later than the seventh day after the anticipated move date and provide an explanation to the authority regarding any changes in the anticipated move date and intended residence; and
2. report to the Community Supervision and Corrections Department officer supervising the defendant not less than weekly during any period in which the defendant has not moved to an intended residence and provide the officer with the address of the defendant's temporary residence.

If the defendant does not move to an intended residence by the end of the seventh date after he/she is released on community supervision, the defendant shall:

1. Report to the Community Supervision and Corrections Department officer supervising the defendant not later than the seventh day after the defendant's release date and;
2. continue to report to the defendant's supervising officer not less than weekly during any period of time in which the defendant has not moved to an intended residence and provide the officer with the defendant's temporary residence.

Not later than the seventh date before the date that the defendant intends to change address in this state or another state, the defendant must report in person to the local law enforcement authority with whom the person last registered and to the Community Supervision and Corrections Department officer supervising the defendant and provide the authority and the officer with the defendant's anticipated move date and new address.

Not later than the tenth day after the date on which the defendant arrives in another state in which the defendant intends to reside, the defendant must register with the law enforcement agency that is designated by the other state to receive registration information if the other state has a registration requirement for sexual offenders.

On this date I certify that the above defendant was informed of his/her duty to register as a sexual offender.

JANUARY 4, 1999
Date

Ronald Schofield
Defendant

J. Ray Gayle
Judge Presiding J. [illegible] GAYLE, III

VERNON'S ANNOTATED

# REVISED CIVIL STATUTES

OF THE

# STATE OF TEXAS

COPY

**Volume 17½**

**Articles 6204 to 6258**

**Pensions — Quo Warranto**

PUBLIC RETIREMENT SYSTEMS
See
Government Code, Title 8,
§ 801.001 et seq.

1996
Cumulative Annual Pocket Part

Replacing 1995 supplementary pamphlet
supplementing 1970 main volume

*For Use In 1995–1996*

Includes
Laws through the 1995 Regular Session
of the 74th Legislature
Court Constructions through 903 S.W.2d 153

WEST PUBLISHING CO.
ST. PAUL, MINN.

(b) An individual, agency, entity, or authority is not liable under Chapter 101, Civil Practice and Remedies Code, or any other law for damages arising from conduct authorized by Subsection (a) of this section.

(c) For purposes of determining liability, the release or withholding of information by an appointed or elected officer of an agency, entity, or authority is a discretionary act.

Sec. 6. Repealed by Acts 1995, 74th Leg., ch. 258, § 15, eff. Sept. 1, 1995.

**Failure to register**

Sec. 7. (a) A person commits an offense if the person is required to register and fails to comply with this article.

(b) An offense under this section is a Class A misdemeanor.

(c) If it is shown at the trial of a person for an offense under this section that the person has previously been convicted of an offense under this section, the person shall be punished for a felony of the third degree.

**Exemptions**

Sec. 8. (a) This article applies only to a reportable conviction or adjudication:

(1) occurring on or after:

(A) September 1, 1991, if the conviction is for or the adjudication is based on an offense listed in Section 1(5)(A) of this article;

(B) September 1, 1993, if the conviction is for or the adjudication is based on an offense listed in Section 1(5)(B) of this article; or

(C) September 1, 1995, if the conviction is for an offense described under Section 1(5)(C), (D), (E), (F), (I), or (J) of this article; or

(2) for which an order of deferred adjudication is entered by the court on or after September 1, 1993.

(b) A person who has a reportable conviction or adjudication may petition a district judge in the county where the person resides or intends to reside for an exemption from this article. If the person shows good cause, the district judge shall grant the exemption.

**Expiration of duty to register**

Sec. 9. (a) The duty to register for a person with a reportable adjudication under Section 1(5)(D) of this article ends on the 10th anniversary of the date on which:

(1) the person ceases to be under the supervision of the Texas Youth Commission, if the person was committed to the Texas Youth Commission other than under a determinate sentence;

(2) the person is discharged from the Texas Youth Commission or the Texas Department of Criminal Justice, whichever date is later, if the person was committed to the Texas Youth Commission under a determinate sentence; or

(3) the disposition is made or the person completes the terms of the disposition, whichever date is later, if the person received a disposition that did not include a commitment to the Texas Youth Commission.

(b) The duty to register for a person with a reportable conviction, other than a conviction for a violation of Section 21.11(a)(1), 22.021, or 43.25, Penal Code, ends on the 10th anniversary of the date on which the person is released from the institutional division of the Texas Department of Criminal Justice or the person discharges parole or community supervision, whichever date is later.

(c) The duty to register for a person with a reportable conviction or adjudication based on an order of deferred adjudication under Section 1(5)(E) of this article, other than an order of deferred adjudication for a violation of Section 21.11(a)(1), 22.021, or 43.25, Penal Code, ends on the 10th anniversary of the date on which:

(1) the court dismisses the criminal proceedings against the person and discharges the person; or

EXH. 4-E.

NO. 44,919 BOND $20,000

FILED FOR RECORD
2003 JUN -5 AM 11:41
[illegible]
DISTRICT CLERK
BRAZORIA COUNTY, TEXAS

THE STATE OF TEXAS V. **RONALD WAYNE SCHOFIELD**

CHARGE: **FAIL TO COMPLY WITH SEX OFFENDER REGISTRATION**

(JP# 1/1-A030235)

WITNESS: **NONE**

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Brazoria, State of Texas, duly selected, empaneled, sworn, charged, and organized as such for the District Court of said County, upon their oaths present in and to said court that **RONALD WAYNE SCHOFIELD**, hereinafter styled Defendant, on or about the **1ST** day of **APRIL, 2003**, and before the presentment of this indictment, in the County and State aforesaid, did then and there after having had a reportable conviction or adjudication for the offense of Sexual Assault of a Child, intentionally and knowingly fail to notify the local law enforcement authority, namely, the Clute Police Department, with whom the defendant last registered, of the Defendant's change of address as required by the Sex Offender Registration Program, Chapter 62, Texas Code of Criminal Procedure;

STATE OF TEXAS
COUNTY OF BRAZORIA

I certify that the foregoing is a true and correct copy of the original record on file in my office. Given under my hand and seal of the court at my office in Angleton, Texas.
RHONDA BARCHAK, DISTRICT CLERK
By Laura Perry Deputy



44,919 Plead 9-5-03 Hardin P.R.

**PLEA AGREEMENT**

| | | | |
|---|---|---|---|
| CAUSE NUMBER DEFENDANT: | Ronald Wayne Schofield | DATE: | 9-5-03 |
| ATTORNEY: | S. McGee | APPOINTED/RETAINED | |
| OFFENSE: | Fail To Comply with Sex Offender Registratio | | |
| **REDUCED TO:** | ~~Class "A"~~ | Felony ~~Misdemeanor~~ | |
| **NEW OFFENSE CODE:** | | | |
| DEGREE: | 1ST 2ND 3RD (STATE JAIL FELONY) OTHER | Punished As Misdemeanor 0-365 ~~DAS~~ 0-4,000 | |
| RANGE OF PUNISHMENT | ~~0-365 0-4000~~ ~~6 months 2 yrs 10,000~~ | | |
| FELONY CONVICTION PUNISHED AS MISD. PURSUANT TO §12.44 C.C.P.: "A" | | | |

**PUNISHMENT: SEE: FORM "1": FORM "2": OR FORM "3": (Cirle the appropriate one)**

| | |
|---|---|
| ENHANCEMENT WAIVED: | PROCEED ON CT: |
| DEFERRED PROBATION: | RESTITUTION/REPARATION: NAME, ADDRESS AND AMOUNT: |
| REGULAR PROBATION: | |
| SHOCK PROBATION: | |
| TDCJ-ID: (NON-SHOCK) | |
| STATE JAIL: (NON-SHOCK) | |
| BOOT CAMP: | |
| COUNTY JAIL: ~~170~~ 159 DAYS day for day | **DNA TEST FEE:** |
| **JAIL TIME CREDIT:** 159 DAYS | **FINE:** |
| DRIVER'S LICENSE SUSPENSION TIME: | **ATTORNEY FEES:** |
| PSI ORDERED SET | COURT COSTS: |

SPECIAL TERMS OF PROB:

OTHER COMMENTS:

I UNDERSTAND THE TERM OF THE PLEA AGREEMENT STATED ABOVE. I ACCEPT THE PLEA AGREEMENT AND REQUEST THE COURT TO ACCEPT IT.

**DEFENDANT'S STREET ADDRESS:**

**DEFENDANT'S MAILING ADDRESS:**

Ronald Schofield
DEFENDANT

I BELIEVE MY CLIENT, Ronald Schofield, UNDERSTANDS THE PLEA AGREEMENT STATED ABOVE AND I JOIN IN HIS/HER REQUEST FOR THE COURT TO ACCEPT IT.

[signature]
ATTORNEY FOR DEFENDANT
BAR ID 13615700

THE PLEA AGREEMENT STATED ABOVE ACCURATELY REFLECTS THE STATE'S OFFER.

[signature]
ASSISTANT CRIMINAL DISTRICT ATTY.
BRAZORIA COUNTY, TEXAS

[2/03]

IMAGE 6

STATE OF TEXAS
COUNTY OF BRAZORIA

I certify that the foregoing is a true and correct copy of the original record on file in my office. Given under my hand and seal of the court at my office in Angleton, Texas.
RHONDA BARCHAK, DISTRICT CLERK

By Laura Perez Deputy



FILED
at ____ o'clock ____ m.

SEP 1 1 2003

JERRY DEERE
Clerk of District Court Brazoria Co., Texas

IN THE DISTRICT COURT OF BRAZORIA COUNTY, TEXAS
23RD JUDICIAL DISTRICT

JUDGMENT AND IMMEDIATE SENTENCE

THE STATE OF TEXAS — CAUSE NO.: 44,919

VS. — TERM: APRIL-SEPT. 2003

RONALD WAYNE SCHOFIELD — DATE: SEPTEMBER 5, 2003

ON THIS the 5TH day of **SEPTEMBER, A.D., 2003**, this cause was called for trial, whereupon the State of Texas by and through her Assistant District Attorney and the defendant, RONALD WAYNE SCHOFIELD in person and through his counsel of record STANLEY G. MCGEE appeared in open court. Whereupon the defendant was duly arraigned and entered his plea of guilty to the charge of **FAIL TO COMPLY WITH SEX OFFENDER REGISTRATION**, a felony. And, both sides having announced ready for trial, the defendant waived a trial by jury and requested that the case be submitted to the Court for decision. And, the defendant waived the reading of the indictment, and after having been duly admonished of the consequences thereof by the Court, insisted on entering his plea of guilty to said charge of FAIL TO COMPLY WITH SEX **OFFENDER REGISTRATION**, a felony. And, it plainly appearing to the Court that the Defendant is sane and was uninfluenced by any consideration of fear or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt, the Court accepted such plea. And, the Court having heard the evidence introduced, the Court finds that the Defendant is guilty of the offense FAIL TO COMPLY WITH SEX **OFFENDER REGISTRATION** a felony, as charged in the indictment, and that said offense was committed on the 1ST day of APRIL, A.D., **2003** and assesses his punishment pursuant to Article 12.44 TPC at **ONE HUNDRED FIFTY-NINE (159) DAYS BRAZORIA COUNTY JAIL.** It is therefore ORDERED, ADJUDGED AND DECREED by the Court that the defendant, RONALD WAYNE SCHOFIELD who has been adjudged to be guilty of the offense of FAIL TO COMPLY WITH SEX **OFFENDER REGISTRATION**, a felony, and that he be punished pursuant to Article 12.44 TPC at ONE HUNDRED FIFTY-NINE (159) DAYS **BRAZORIA COUNTY JAIL**, for which execution will issue. And, the Defendant being now present in open court, his attorney of record also being present, requested immediate sentencing and, upon inquiry of the Court, having answered nothing in bar of the pronouncement of sentence, the Court proceeded to pronounce sentence against him as follows:

IT IS THE ORDER OF THE COURT that the Defendant, RONALD WAYNE SCHOFIELD, who has been adjudged guilty as aforesaid, and whose punishment has been assessed as aforesaid, be sentenced to **ONE HUNDRED FIFTY-NINE (159) DAYS BRAZORIA COUNTY JAIL DAY-FOR-DAY WITH CREDIT FOR 159 DAYS AND BY A FINE OF $-0- AND COURT COSTS IN THE AMOUNT OF** $268.00 **AND ATTORNEY FEES IN THE AMOUNT OF** $1,000.00 or otherwise discharged by law, for which a writ of commitment shall issue.

SIGNED this 11 day of September, 2003.

[signature]
JUDGE PRESIDING

IMAGE 6

STATE OF TEXAS
COUNTY OF BRAZORIA

I certify that the foregoing is a true and correct copy of the original record on file in my office. Given under my hand and seal of the court at my office in Angleton, Texas.
RHONDA BARCHAK, DISTRICT CLERK
By ______________ Deputy



# PRE-RELEASE NOTIFICATION FORM
# TEXAS SEX OFFENDER REGISTRATION PROGRAM

Flat

**ARTICLE 62.03, Code of Criminal Procedure**

*Release or Discharge from a Penal Institution or Release to Community Supervision, Parol or Mandatory Supervision*

**(THIS IS NOT THE REGISTRATION FORM)**

| | LAST | FIRST | MIDDLE |
|---|---|---|---|
| FULL NAME | SCHOFIELD | RONALD | WAYNE |

| DATE OF BIRTH | Sex | Race | Height | Weight | Eyes | Hair | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|
| 09/17/1963 | M | W | 603 | 155 | BRO | BRO | 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 |

| DL NUMBER | ID NUMBER | SID NUMBER | FBI NUMBER | TDCJ-ID NUMBER |
|---|---|---|---|---|
| | | 04041816 | 131274DB1 | 860735 |

| REGISTERING OFFENSE (PENAL CODE)* | | DISPOSITION DATE | | SENTENCE RECEIVED | | VICTIM(S) SEX / AGE | |
|---|---|---|---|---|---|---|---|
| 22.011 | 22.011 | 01/04/1999 | | 2 YEARS | | F / 13 | F / 13 |
| | | 01/04/1999 | | 2 YEARS | | | |

| DISCHARGE DATE | |
|---|---|
| 07/28/2000 | 07/28/2000 |

*IF COURT ORDERED OR BOARD IMPOSED CONDITION TO REGISTER, MUST CHECK BOX ☒

DUTY TO REGISTER EXPIRES: ☑ Lifetime ☐ 10 Years After Discharge ☐ At Discharge

VERIFICATION REQUIREMENT: ☐ Annual (on birthdate) ☑ Every 90 Days ☐ Every 30 Days

ASSIGNED RISK LEVEL: 2

ADDRESS WHERE PERSON NOTIFIED EXPECTS TO RESIDE UPON DISCHARGE, PAROLE, OR RELEASE (Full street address, city, zip code)

Rt. 3 Box 104 Burnet, TX 78611

You are covered by this law and required as of this date, 08-03-00 to register with the law enforcement authority (chief of police or sheriff) in the city or county where you live or intend to live for more than seven days. You are hereby required to verify and complete your registration at:

Law Enforcement Agency Name and/or Unit: Burnet Police Dept

Agency Address/City/State/Zip:

RECEIVED TEXAS DPS AUG 0? 2000 CRIME RECORDS SERVICE

I have been notified of my duty to register as a sex offender in Texas pursuant to Chapter 62, Code of Criminal Procedure. I understand that:

- My responsibility to register as a sex offender is for the period of time as indicated above.
- I must verify and complete registration within 7 days of the date indicated in this notice with the law enforcement agency identified above.
- If under supervision, not later than 7 days prior to any change of address, I must notify my supervising officer and the last registering law enforcement agency of my new address and within 7 days of establishing my new address, I must appear in person with the law enforcement agency having jurisdiction over my address and verify my new address. If not under supervision, not later than 7 days prior to any address change, I must notify the last registering agency of my intended move and within 7 days of establishing my new address, I must appear in person with the law enforcement agency having jurisdiction of my new address and verify my new address.
- If, on 3 or more occasions during any month, I spend more than 48 consecutive hours in a city or county that is not my residence, I shall report that fact to the appropriate law enforcement authority in the city or county that I am visiting.
- I must continue to verify my registration information with the appropriate law enforcement agency in the time frame indicated above.
- I am required to pay for any costs incurred by a law enforcement agency for providing community notification as required under Chapter 62, C.C.P.
- I must obtain and maintain a yearly renewable Texas drivers license or personal identification card issued by the Texas Department of Public Safety for the duration of the period I am required to register as a sex offender under Chapter 62, CCP.
- Within 10 days of moving out of Texas, I am required to register in any state in which I am located or residing and register with the appropriate law enforcement agency having jurisdiction over my residence location.
- My failure to abide by the requirements of Chapter 62, C.C.P. is a felony offense. If I am under any community supervision, any failure to comply with the requirements of Chapter 62, C.C.P. may result in the revocation of community supervision.

X Ronald Schofield — SIGNATURE OF PERSON NOTIFIED — DATE: 07/28/2000

R T THUMB

*I certify that I notified the individual described above of the duty to register as required under Chapter 62, C.C.P.*

[signature] — PRINTED NAME AND SIGNATURE OF NOTIFYING OFFICE — DATE OF NOTIFICATION: 07/28/2000

NotifyingAgency: TDCJ-ID — NotifyingAgencyPhone: (936)437-6568

**FAX COMPLETED FORM TO DPS - SEX OFFENDER COMPLIANCE UNIT - 512/424-5434**
**MAIL ORIGINAL TO : TXDPS-CRS, POB 4143, AUSTIN, TX 78765-4143**

```
CSIMF800/INI801                COMMITMENT INQUIRY              12/30/10 14:16:33
INMTCICS/WJ00033 /P101  TDCJ-ID NO: 01434055 SIDNO: 04041616
 NAME: SCHOFIELD,RONALD WAYNE          APPL:       STATUS: A RQ P1 S3   #OFF: 03
 OLD TDC#: 00860735 CNTY CONV: 084                                          73RD
 OFF-REC:     3699 PRJ RL: 09-16-2017 REC:   05-29-2007 MAX-TERM:   11Y  0M  0D
 PEN-REC: 062.100 MAX-EX: 09-16-2017 BEGIN: 09-17-2006 PAR-ELIG: 06-03-2008
                            INMATE TYPE: ID   HB1433: N  HB1433 VOTE:
 DYNAMIC RISK ASSESSMENT:          TYC:       HB1433 MIN EXP:
    OFFCD: 36990008 FAIL REG SEX OFFEND
     1DEG  ENH                                                              73RD
     PENAL:062.100  MS:N PLEA:G CAUSE:06CR3089           CNT:00   OFF:09-17-2006
     CC  CNTY OFF:084  CNTY/CRT:084 010 MAX TERM:  11Y  0M  0D   BEG:09-17-2006
     MIN EXP:09-16-2017 MAX:09-16-2017 PAR ELIG:06-03-2008 SENTENCED:04-12-2007
     HB1433:N  HB1433 VOTE:     HB1433 MIN EXP:
     OFF TDCNO: 01434055                                    CTO DATE 01-01-0001
    OFFCD: 11990002 SEX ASLT OF CHILD
     2DEG                                                        FLAT-ONLY  73RD
     PENAL:022.011  MS:N PLEA:G CAUSE:34,910             CNT:01   OFF:10-16-1996
     CC  CNTY OFF:020  CNTY/CRT:020 023 MAX TERM:   2Y  0M  0D   BEG:07-29-1998
     MIN EXP:07-28-2000 MAX:07-28-2000 PAR ELIG:01-01-0001 SENTENCED:01-04-1999
     HB1433:N  HB1433 VOTE:     HB1433 MIN EXP:
     OFF TDCNO: 00860735                 PC SUBSEC: UNK DISCHARGED  07-28-2000
PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC __________ OR SID __________
```

```
CSIMF800/INI801                COMMITMENT INQUIRY              12/30/10 14:16:37
INMTCICS/WJ00033 /P101  TDCJ-ID NO: 01434055 SIDNO: 04041616
 NAME: SCHOFIELD,RONALD WAYNE          APPL:       STATUS: A RQ P1 S3   #OFF: 03
 OLD TDC#: 00860735 CNTY CONV: 084                                          73RD
 OFF-REC:     3699 PRJ RL: 09-16-2017 REC:   05-29-2007 MAX-TERM:   11Y  0M  0D
 PEN-REC: 062.100 MAX-EX: 09-16-2017 BEGIN: 09-17-2006 PAR-ELIG: 06-03-2008
                            INMATE TYPE: ID   HB1433: N  HB1433 VOTE:
 DYNAMIC RISK ASSESSMENT:          TYC:       HB1433 MIN EXP:
    OFFCD: 11990002 SEX ASLT CHILD
     2DEG                                                        FLAT-ONLY  73RD
     PENAL:022.011  MS:N PLEA:G CAUSE:34,910             CNT:02   OFF:10-16-1996
     CC  CNTY OFF:020  CNTY/CRT:020 023 MAX TERM:   2Y  0M  0D   BEG:07-29-1998
     MIN EXP:07-28-2000 MAX:07-28-2000 PAR ELIG:01-01-0001 SENTENCED:01-04-1999
     HB1433:N  HB1433 VOTE:     HB1433 MIN EXP:
     OFF TDCNO: 00860735                 PC SUBSEC: UNK DISCHARGED  07-28-2000
PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC __________ OR SID __________
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```



10

Texas Department of Criminal Justice

Brad Livingston
Executive Director

August 12, 2011

Ronald Wayne Schofield, TDCJ #1434055
Pack I Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

Re: Risk Assessment

Offender Schofield,

I am in receipt of your correspondence regarding concerns about your risk level. Your most recent risk assessment was completed by an Institutional Parole Officer on March 9, 2010. You were assessed as a moderate (numeric score = 2). Per current policy, you will not go through the Dynamic Risk Assessment process prior to your release, as you are not currently serving a sentence for a reportable conviction under CCP Ch. 62. You are currently here serving a sentence for Failure to Register.

Upon review of your most recent Static-99 risk assessment, the two (2) points resulting in your moderate risk level are the result of your victim being unrelated to you and your criminal history prior to your most recent sexual offense, which resulted in you being convicted of two (2) counts of Sexual Assault in January 1999. These convictions are not considered "priors" for the purpose of the Static-99 risk assessment instrument as you have no other sex-related offenses on record. For these offenses to be considered as priors, you would have to sexually reoffend.

Regarding your duty to register, under state law, based upon the title of your sexual convictions, you are a lifetime registrant. This information can be found in the Texas Code of Criminal Procedure, Chapter 62, Sex Offender Registration Program.

The only available risk level review process available is for offenders who have been out of custody at least five (5) years and remain arrest/charge/conviction free during that time frame.

Sincerely,

PSIII

Tammy Luna Collier, Program Specialist III
Sex Offender Rehabilitation Programs
TDCJ – Rehabilitation Programs Division

cc: Madeline Ortiz, Division Director, Rehabilitation Programs Division
Joseph Bon-Jorno, Manager II, Sex Offender Rehabilitation Programs

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*
P.O. Box 99
Huntsville, Texas 77342-0099
www.tdcj.state.tx.us